IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| AARON L. GREEN, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| VS. | : | **7 : 02-CV-122 (HL)** |
| | : | |
| STEVEN RUDSAIL, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendants' Motion to Dismiss based on the plaintiff's failure to prosecute. The undersigned issued a notification order regarding the motion to dismiss on January 25, 2005, advising the plaintiff of the pendency of the defendants' Motion to Dismiss and ordering him to respond thereto within twenty (20) days. The plaintiff responded to the motion on March 15, 2005.

The plaintiff submitted this action for filing in November 2002, with service ordered in June 2003. Thereafter, the plaintiff filed his election not to proceed before the magistrate judge and a second motion for appointment of counsel, which was denied on September 9, 2003. In response to the defendants' Motion to Dismiss, the plaintiff contends that mental illness, indigency and his confinement have prevented him from fully prosecuting this matter. Although he contends that he assumed counsel would be appointed to represent him herein, his second motion for appointment of counsel was denied in September 2003, with no further action from the plaintiff thereafter.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a

determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has taken no meaningful steps to prosecute his case since filing his second motion for appointment of counsel in September 2003, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit. The plaintiff has had more than adequate time to pursue his claim against the defendants but he has failed to do so, conducting no discovery since the filing of an answer in August 2003. The court finds that lesser sanctions will not suffice herein. Accordingly, it is the recommendation of the undersigned that the defendants' Motion to Dismiss be hereby **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 8th day of June, 2005.

        /s/ *Richard L. Hodge*
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE

asb